UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **06-60685**

CIVILINGARO-BENAGES

MAGISTRATE JUDGE
O'SULLIVAN

MARJORIE J. DUNPHY, on her own behalf
and others similarly situated,

     Plaintiff,

v.

ADVANCED PHYSICIAN BILLING, INC.,
a Florida corporation, JORGE E. PEREZ,
individually, RICARDO J. PEREZ, individually,
and MAYRA COSTA, individually,

     Defendants.

_____/

## COMPLAINT

Plaintiff, MARJORIE J. DUNPHY (hereinafter referred to as "Plaintiff"), was an employee of Defendants, ADVANCED PHYSICIAN BILLING, INC. (hereinafter referred to as "APB"), a Florida corporation, JORGE E. PEREZ, RICARDO J. PEREZ, and MAYRA COSTA (collectively, hereinafter referred to as "Defendants"), and brings this action, on behalf of herself and other employees and former employees of Defendant similarly situated to her, for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), (hereinafter referred to as the "FLSA") and for the payment of unpaid wages.



## Parties

1.      Plaintiff is an individual, *sui juris*, and a resident of Broward County, Florida who performed work as data entry personnel for APB in Miami-Dade and Broward Counties, Florida.

2.      The additional persons who may become Plaintiffs in this action are hourly-paid employees or former employees who held positions of data entry personnel, and who worked in excess of forty (40) hours during one or more work weeks on or after May, 2003.

3.      Defendant, APB, is a Florida corporation that owns and operates a business whose principal office is located in Miami-Dade County, Florida and within the jurisdiction of this Court.

4.      At all times material hereto, JORGE E. PEREZ was and is an individual resident of the State of Florida who owns, manages, and/or operates APB, and who regularly exercised authority to hire and fire employees, determine the work schedules of employee, set the rate of pay of employees and control the finances and operations of APB.  By virtue of such control and authority, JORGE E. PEREZ is an employer of Plaintiff(s) as such term is defined by the FLSA, 29 U.S.C. 201, et seq.

5.      At all times material hereto, RICARDO J PEREZ was and is an individual resident of the State of Florida who owns, manages, and/or operates APB, and who regularly exercised authority to hire and fire employees, determine the work schedules of employee, set the rate of pay of employees and control the finances and operations of APB.  By virtue of such control and authority, RICARDO J. PEREZ is an employer of Plaintiff(s) as such term is defined by the FLSA, 29 U.S.C. 201, et seq.

6.      At all times material hereto, MAYRA COSTA was and is an individual resident of the State of Florida who owns, manages, and/or operates APB, and who regularly exercised

direct responsibility for the supervision of Plaintiff(s).  By virtue of such control and authority, MAYRA COSTA is an employer of Plaintiff(s) as such term is defined by the FLSA, 29 U.S.C. 201, et seq.

**Jurisdiction and Venue**

7.     This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of the FLSA.

8.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  At all times pertinent to this Complaint, Defendant, APB, was an enterprise engaged in interstate commerce.  Based upon information and belief, the annual gross revenue of APB was in excess of $500,000.00 per annum at all times material hereto.

9.     In addition, this action is further brought to recover unpaid wages due and owing to Plaintiff, and for costs and reasonable attorneys' fees under Florida Statute Section 448.08 (2006).

10.    Supplemental jurisdiction over this additional state law claim is conferred on this Court by Title 28 U.S.C. §1367(a).

**General Allegations**

11.    At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. § 201-09, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions were made by the Defendants to property pay Plaintiff for those hours worked in excess of forty (40) within a work week.

12.    Plaintiff's employment with Defendants provided for compensation at an hourly rate. Defendants failed to pay time and one-half wages for overtime hours worked.  In one or more work weeks, Plaintiff worked in excess of forty (40) hours.

13.     In the course of employment with the Defendants, Plaintiff and other similarly situation employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

14.     In addition, pursuant to the terms of her employment, Plaintiff accrued numerous paid vacation days during her nine years of employment with APB.  As of the completion of Plaintiff's employment with APB in March, 2006, a significant number of those accrued paid vacation days remained unused by Plaintiff.  Contrary to APB's policies and procedures, upon information and belief, Plaintiff was not paid for any or all of her accrued, unused paid vacation days.

15.     The records, if any, concerning the number of hours actually worked by Plaintiff and all others similarly situated employees, the compensation actually paid to such employees, and Plaintiff's accrued, unused paid vacation days are in the possession and custody of the Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

16.     Plaintiff re-alleges and re-avers all allegations in paragraphs 1 though 15 above.

17.     Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per work week.  All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not property paid.

18.     By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

4

19.    As a result of Defendants' willful violation of the FLSA, all Plaintiffs (Plaintiff and those similarly situated to her) are entitled to liquidated damages.

20.    Plaintiff demands a jury trial.

WHEREFORE, Plaintiff and those similarly situated to her who have or will opt into this action, demand judgment against Defendants, jointly and severally, ADVANCED PHYSICIAN BILLING, INC., JORGE E. PEREZ, RICARDO J. PEREZ, and MAYRA COSTA, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorneys' fees and costs of suit, and such other and further relief as this Court deems appropriate.

## COUNT II
## RECOVERY OF PLAINTIFF'S UNPAID WAGES FROM APB

21.    Plaintiff re-alleges and re-avers all allegations in paragraphs 1 though 15 above.

22.    Plaintiff is entitled to be paid at her regular hourly rate of pay for each eight (8.0) hour day of unused paid vacation time accrued by Plaintiff during her employment with APB.

23.    Despite Plaintiff's formal demand for such payment, APB has failed and refused to pay any or all such amounts to Plaintiff in violation of the terms of her employment and APB's own policies and procedures.

24.    As a result, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees in her efforts to collect those wages owed to her by APB.

25.    Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, MARJORIE J. DUNPHY, demands judgment against Defendant, ADVANCED PHYSICIAN BILLING, INC., for the payment of all unused vacation days accrued by her during her employment at her regular rate of pay, reasonable attorneys' fees and

costs pursuant to Florida Statute Section 448.08 (2006), and for such other and further relief as this Court deems appropriate.

Dated this ___16th___ day of May, 2006.

The Law Office of
DAVIS AND ROBINSON, P.A.
Post Office Box 100
(One East Broward Boulevard, Suite 700 – 33301)
Fort Lauderdale, Florida 33302
(954) 745-7630; Fax: (954) 745-7634

By: _____
Carrie Stolzer Robinson
Florida Bar No. 0354030
csrobinsonlaw@comcast.net

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET.

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MARJORIE J. DUNPHY, on her own behalf and others similarly situated MAGISTRATE JUDGE
O'SULLIVAN

**DEFENDANTS**

ADVANCED PHYSICIAN BILLING, INC., a Florida corporation, JORGE E. PEREZ, individually, RICARDO J. PEREZ, individually, and MAYRA COSTA, individually.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **MIAMI-DADE**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

CIV-UNGARO-BENAGES

(c) ATTORNEYS (FIRM NAME ADDRESS, AND TELEPHONE NUMBER)
DAVIS AND ROBINSON, P.A.
POST OFFICE BOX 100
FORT LAUDERDALE, FL 33302    (954) 745-7030

ATTORNEYS (IF KNOWN)

# 06-60685

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:06 CV 60685 - UUB

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    O'Sullivan (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | A☐ 791 Empl Ret Inc Security Act | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. 216(b) - ACTION FOR UNPAID OVERTIME WAGES

LENGTH OF TRIAL
via **5** days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE

DOCKET NUMBER

DATE
5/16/2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 537124    AMOUNT 35000    APPLYING IFP    JUDGE    MAG. JUDGE